| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Daniel King**<br>**3435 Wilshire Blvd.**<br>**Suite 1111**<br>**Los Angeles, CA 90010**<br>**213-388-3887 Fax: 213-388-1744**<br>California State Bar Number: **207911**<br>dking@thegenesislaw.com<br><br>☐ *Debtor(s) appearing without an attorney*<br>☒ *Attorney for:* **Michael Dermont Hill & Regina Delorse Hill** | **FILED & ENTERED**<br><br>**MAR 24 2015**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY huerta    DEPUTY CLERK** |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>**Michael Dermont Hill**<br>**Regina Delorse Hill**<br><br>Debtor(s). | CASE NO.: **2:14-bk-25039-NB**<br>CHAPTER: **13**<br><br>*AMENDED* ORDER ☒ GRANTING ☐ DENYING<br>MOTION TO AVOID JUNIOR LIEN<br>ON PRINCIPAL RESIDENCE<br>[11 U.S.C. § 506(d)]<br><br>DATE:  **11/13/2014**<br>TIME:  **8:30 am**<br>COURTROOM:  **1545**<br>PLACE:  **255 E. Temple Street, Los Angeles CA 90012** |
|---|---|

**Creditor Holding Junior Lien** (name): **Seneca Mortgage Servicing**

1. The Motion was: ☐ Opposed  ☒ Unopposed*    ☐ Settled by stipulation
\* Opposition withdrawn 11/7/14 (dkt. 34).

2. The Motion affects the junior trust deed(s), mortgage(s), or other lien(s) encumbering the following real property (Subject Property), which is the principal residence of Debtor:

*Street Address:* **42859 59th Street West**
*Unit Number:*
*City, State, Zip Code:* **Lancaster, CA 93536**

Legal description or document recording number (including county of recording):

Lot 18 of Tract Map 060889, in the City of Lancaster, County of Los Angeles, State of California, filed in Book 1305, Pages 68 through 75, inclusive of maps, in the office of the County Recorder of said County.

☐ See attached page.

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

3. The Subject Property is subject to the following deed(s) of trust, mortgage(s) or other lien(s) in the amounts specified securing the debt against the Subject Property, which will be treated as indicated:

   a. Holder of 1st lien *(name)*  __Bank of America, N.A.__  in the amount of $__290,113.82__.

   b. Holder of 2nd lien *(name)*  __Seneca Mortgage Servicing__  in the amount of $__118,351.52__
      ☒ is  ☐ is not to be avoided;

   c. _____ in the amount of $_____
      ☐ is  ☐ is not  to be avoided;

   ☐ See attached page for any additional encumbrance(s).

4. The motion is:

   a. ☐ DENIED    ☐ with    ☐ without    prejudice, on the following grounds:

      (1) ☐ Based upon the findings and conclusions made on the record at the hearing
      (2) ☐ Unexcused non-appearance by Movant
      (3) ☐ Lack of proper service
      (4) ☐ Lack of evidence supporting motion
      (5) ☐ Other (specify):

   b. ☒ GRANTED on the following terms:

      (1) The Subject Property is valued at no more than *(determined value)* $__280,000.00__ based on adequate evidence.

      (2) This avoidance of the respondent's junior lien is effective upon: ☐ completion of the chapter 13 plan, or ☒ receipt of a chapter 13 discharge in this case.

      (3) Before the discharge, no payments are to be made on the secured claim of the junior lienholder; maintenance payments are not to be made.

      (4) The claim of the junior lienholder is to be treated as an unsecured claim and is to be paid through the plan pro rata with all other unsecured claims.

      (5) The junior lienholder's claim on the deed of trust, mortgage or lien shall be allowed as a non-priority general unsecured claim in the amount per the filed Proof of Claim. The junior lienholder is not required to, but may file an amended Proof of Claim listing its claim as an unsecured claim to be paid in accordance with the Debtor's chapter 13 plan. If an amended claim is not filed, the Trustee may treat any claim on the debt (secured or unsecured) filed by the junior lienholder as unsecured upon entry of this order

      (6) The avoidance of the junior lienholder's deed of trust, mortgage or lien is contingent upon: ☐ completion of the chapter 13 plan, or ☒ receipt of a chapter 13 discharge.

      (7) The junior lienholder shall retain its lien in the junior position for the full amount due under the corresponding note and deed of trust, mortgage or lien in the event of either the dismissal of the Debtor's chapter 13 case, the conversion of the Debtor's chapter 13 case to any other chapter under the Bankruptcy Code, or if the Subject Property is sold or refinanced prior to the Debtor's ☐ completion of the chapter 13 plan, or ☒ receipt of a chapter 13 discharge.

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2013*                                                                Page 2  **F 4003-2.4.JR.LIEN.ORDER**

(8) In the event that the holder of the first deed of trust or any senior lien on the Subject Property forecloses on its interest and extinguishes the junior lienholder's lien rights prior to the Debtor's ☐ completion of the chapter 13 plan, or ☒ receipt of a chapter 13 discharge, the junior lienholder's lien shall attach to the proceeds greater than necessary to pay the senior lien, if any, from the foreclosure sale.

(9) ☐ See attached continuation page for additional provisions.

###

Date: March 24, 2015

Neil W. Bason
United States Bankruptcy Judge

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2013*    Page 3  **F 4003-2.4.JR.LIEN.ORDER**