Ure Law Firm
800 West 6th Street, Suite 940
Los Angeles, California 90017
TEL.: (213) 202-6070
FAX.: (213) 202-6075
Thomas B. Ure (CA State Bar No. 170492)
email:  tom@urelawfirm.com

(SPACE BELOW FOR FILING STAMP ONLY)

Attorney for:___Debtors___

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| IN RE:<br><br>MICHAEL DERMONT HILL and<br>REGINA DELORSE HILL,<br><br>        Debtor. | **Case No. 2:14-bk-25039-NB**<br><br>**CHAPTER 13**<br><br>NOTICE OF MOTION AND MOTION TO VACATE  ORDER OF DISMISSAL ENTERED AUGUST 6, 2018 AND TO REINSTATE THE CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DEBTOR REGINA HILL IN SUPPORT THEREOF.<br><br>DATE:        TBD<br>TIME:        TBD<br>PLACE:        Courtroom 1545<br>                255 East Temple Street<br>                Los Angeles, CA 90012<br><br>[FILED CONCURRENTLY WITH APPLICATION FOR ORDER SETTING HEARING ON SHORTENED TIME] |

**TO:    THE HONORABLE NEAL W. BASON, UNITED STATES BANKRUPTCY JUDGE;**

**KATHY A. DOCKERY, CHAPTER 13 TRUSTEE; AND ALL OTHER**

**INTERESTED PARTIES:**

**COMES NOW**, Debtors MICHAEL DERMONT HILL and REGINA DELORSE HILL

("Debtors"), by and through counsel, Thomas B. Ure, Esq., and hereby moves this Court to vacate

the Order of Dismissal entered on August 6, 2018 and to reinstate the case.

1    This motion shall be and is based upon this notice, the attached Memorandum of Points and

2    Authorities, the Declaration of Debtor Regina Delorse Hill, and such other evidence which may be

3    provided at the hearing on this matter.

4        **WHEREFORE,** Debtors respectfully request that this Court vacate the August 6, 2018 Order

5    dismissing the case and reinstate the case so that Debtors can complete their plan.

6

7                              Respectfully submitted,

8    Dated: November 27, 2018

                      By: _/s/ Thomas B. Ure_

9                              Thomas B. Ure
                          Attorney for Debtors

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Debtors filed a voluntary Chapter 13 bankruptcy petition on August 5, 2014.

On November 24, 2014, an Order was entered avoiding a second lien on Debtors' residence (the order was subsequently amended on March 24, 2015).

On March 6, 2015, an Order was entered avoiding a third and fourth lien on Debtors' residence.

On April 3, 2015, Debtors' plan was confirmed with monthly payments of $420.00 per month for months 1 and 2; $315.00 per month for months 3 through 8; $655.00 for months 9 through 30; $1,098.00 per month for months 31 through 46; and $1,546.00 for months 47 through 60.

Debtors' case was dismissed once previously on August 28, 2017 due to a calendaring error by their prior counsel. The order dismissing the case was vacated after a motion to vacate was filed on September 18, 2017 as docket number 84.

Due to the fact that both of Debtors' vehicles were having major mechanical issues, Debtors went to an automobile dealership to inquire about possible purchase of a used vehicle. Debtors were told by the dealership to contact their bankruptcy attorney's office regarding obtaining permission to finance a vehicle.

Debtors contacted their former attorney's office and spoke to Dennis Peters, a paralegal from their bankruptcy attorney's office. They were instructed to go to a dealership and pick out any vehicle and get a purchase agreement so that a motion could be filed to obtain permission to finance the vehicle. They were told that it did not have to be a purchase agreement for the specific vehicle they wished to purchase as it was unlikely that the vehicle would be available after the motion was filed and approved.

Debtors were interested in purchasing a used vehicle and were seeking a monthly payment less than $400.00 (the approximate payment amount of their current vehicle they wished to replace). As instructed by their attorney's office, they obtained a purchase agreement "for any vehicle." The purchase agreement Debtors provided to their attorney was for a new 2018 GMC Sierra with a

1   purchase price of $49,845.00 and a monthly payment of $882.79.  This was not the vehicle they were
2   attempting to purchase but merely a purchase agreement they believed was needed to obtain
3   permission to finance any vehicle.

4       On May 3, 2018, a Motion to Incur debt was filed by Debtors' former counsel.  The Motion
5   stated the purchase price of the vehicle was $80,810.88 instead of the actual purchase price of the
6   vehicle on the contract which was $49,845.00.  As stated above, this was not the vehicle that they
7   were actually seeking to purchase.

8       Debtors' former attorney subsequently lodged an order which was incorrectly captioned as
9   an order granting a motion to modify or suspend plan payments.  The Order was inadvertently signed
10  by the Court.

11      Debtors did not believe that this Order allowed them to purchase a vehicle and they never
12  did purchase any vehicle.

13      On June 22, 2018, the Court entered an Order setting the Motion to Incur Debt for hearing
14  and further ordered:

15          "[t]he debtor is directed to explain at the hearing (1) whether the debtor can afford
16          to make the vehicle payments without modifying the chapter 13 plan, (2) if the debtor
17          cannot afford to make the vehicle payments, whether a motion to modify the plan
18          will be filed, (3) if the debtor can afford the payments, how it is that the debtor has
19          that much disposable income, and (4) why it is appropriate for a debtor in bankruptcy
20          to purchase a vehicle for over $80,000.00."

21      On June 28, 2018, Debtors' former counsel failed to appear at the hearing to address the
22  concerns of the Court.

23      On June 28, 2018, as a result of Debtors' former counsel's failure to appear, the Court issued
24  an Order to Show Cause Why the Court Should Not Sanction Debtors and Their Attorney for Non-
25  Appearance, set the Order to Show Cause for hearing on August 2, 2018 and set the deadline to file
26  a written response for July 12, 2018.

27      On June 28, 2018, the Court issued an order setting a deadline for Debtors to file a
28  declaration regarding the status of the vehicle purchase.

1       On July 5, 2018, Debtors received an email from Dennis Peters explaining the issues raised

2  by the Court and informing Debtors that the law firm was "planning to file a declaration" in response

3  to the questions raised by the Court and requested clarification from Debtors.

4       On July 6, 2018, Debtors responded to the email with the explanation the Court requested.

5  However, Debtors never received any draft of a declaration based on the information provided and

6  no declaration was ever prepared or filed by Debtors' former counsel with the Court.

7       Debtors were aware of the August 2, 2018 hearing and Debtor husband requested time off

8  of work so that he could appear at the hearing.

9       On August 1, 2018, Debtor wife received an email from her former attorney's office

10  informing her that the hearing had been continued to August 17, 2017.  At the time she received the

11  email, she did not notice the mistake in the year 2017 rather than 2018 but interpreted the email as

12  instructions to not appear on August 2, 2018 and to appear on August 17, 2018 instead.

13       On August 2, 2018, Debtor wife received a call from her former attorney's office at

14  approximately 8:40 a.m. asking why the they were not in Court.

15       Debtor wife explained that she was told that the hearing was continued and that they did not

16  need to appear.

17       Debtor wife told her former attorney's office that she  was at her residence in Lancaster and

18  that her husband was at work in Long Beach and that they could be in Court for in about an hour and

19  forty five minutes.  Mr. Peters responded that the attorney had to leave Court no later than 9:00 a.m.

20  for another hearing in Riverside and was not able to wait but that he would request a continuance

21  from the Court.

22       Shortly after the morning phone call, Dennis Peters responded by email that the August 1,

23  2018 email regarding a continued hearing was sent in error and was an old email from 2017.

24       As a result of Debtors' non-appearance, the Court dismissed the case with a 180 day

25  restriction against re-filing another case.

26       Debtors residence is scheduled for foreclosure on December 6, 2018.

27  ///

28  ///

## II.

### THIS COURT IS EMPOWERED TO VACATE THE ORDER OF DISMISSAL.

Based upon the facts presented herein, it is evident that the dismissal was not due to any bad faith on the part of the Debtors and the circumstances stated herein justify the Court's discretion in vacating the Order of Dismissal.

Bankruptcy Rule 9024 provides that Federal Rules of Civil Procedure (hereinafter "F.R.C.P.") 60 applies in cases under the Code.  F.R.C.P. 60(b) provides in pertinent part:

"On motion and just terms, the court may relieve a party or its legal representative

from a final judgment, order, or proceeding for the following reasons:

(1)    mistake, inadvertence, surprise, or excusable neglect; ...

or [Emphasis Added]

(6)    any other reason justifying relief from the operation of the

judgment."

Debtor's Chapter 13 case was dismissed due to a series of errors and poor advise of their prior attorney.

## III.

### THE BANKRUPTCY COURT HAS BROAD EQUITABLE POWERS AND MAY FASHION A REMEDY TO ACHIEVE AN EQUITABLE RESULT.

11 U.S.C. §105(a) in its pertinent part states that:

"The court may issue any order, process, or judgment that is necessary or

appropriate to carry out the provisions of this title..."

The Ninth Circuit has previously held that, "A bankruptcy court has continuous power to vacate or modify its own orders, if no intervening or vested rights are disturbed." In re Casaudoumecq, 46 F. Supp. 718, 723 (S.D. Cal. 1942), citing Federal Land Bank v. Hansen, 113 F.2d 82; Wayne United Gas Co. V. Owens-Illinois Glass Co., 300 U.S. 131; In re Price, 99 F.2d 691; and cited with approval in In re Johns Clay & Co., 43 B.R. 797, 806-07 (Bankr. D. Utah, 1984).

If this Order is vacated, no party will be prejudiced or will have substantially changed their position since the entry of the dismissal order and Debtors are not seeking any retroactive relief

1    should the case be reinstated.

2                                            **IV.**

3                                  <u>**CONCLUSION**</u>

4            Because the Dismissal Order was entered due to the Debtors receiving poor advice and poor

5    representation by their former counsel, Debtors seek to have the order vacated and the case

6    reinstated.

7                                                          Respectfully submitted,

8    Dated: November 27, 2018

                                                By:___*/s/ Thomas B. Ure*_____
9                                                      Thomas B. Ure
                                                       Attorney for Debtor

## DECLARATION OF REGINA DELORSE HILL

I, REGINA DELORSE HILL, declare:

1.    I am one of the Debtors in Chapter 13 case number 2:14-25039-NB. As such, I have personal knowledge of the facts stated herein, and if called upon to testify thereto, I could and would do so competently and truthfully.

2.    This declaration is made in support of my Motion to Vacate the Dismissal of our bankruptcy case.  Attached hereto, marked Exhibit A, is a true and correct copy of the Order Dismissing Case with 180-Day Bar Pursuant to 11 U.S.C. §109(g).

3.    I filed a voluntary Chapter 13 bankruptcy petition with my husband on August 5, 2014.

4.    On November 24, 2014, an Order was entered avoiding a second lien on our residence (the order was subsequently amended on March 24, 2015).

5.    On March 6, 2015, an Order was entered avoiding a third and fourth lien on our residence.

6.    On April 3, 2015, our plan was confirmed with monthly payments of $420.00 per month for months 1 and 2; $315.00 per month for months 3 through 8; $655.00 for months 9 through 30; $1,098.00 per month for months 31 through 46; and $1,546.00 for months 47 through 60.

7.    Our case was dismissed on August 28, 2017 due to a calendaring error by our prior counsel.  The order dismissing the case was vacated after a motion to vacate was filed on September 18, 2017 as docket number 84.

8.    Due to the fact that both of our vehicles were having major mechanical issues, we went to an automobile dealership to inquire about possible purchase of a used vehicle.  We were told by the dealership to contact our attorney's office regarding obtaining permission to finance a vehicle.

9.    We contacted our former attorney's office and spoke to Dennis Peters, a paralegal from our bankruptcy attorney's office.  We were instructed to go to the dealership and pick out any vehicle and get a purchase agreement so that a motion could be filed to obtain permission to finance the vehicle.  We were told that it did not have to be a purchase agreement for the specific vehicle we wished to purchase as it was unlikely that the vehicle would be available after the motion was filed

1 and approved.

2        10.    We were interested in purchasing a used vehicle and were seeking a monthly payment

3 less than $400.00 (the approximate payment amount of our current vehicle we wished to replace).

4 As instructed by our attorney's office, we obtained a purchase agreement "for any vehicle." The

5 purchase agreement we provided to their attorney was for a new 2018 GMC Sierra with a purchase

6 price of $49,845.00 and a monthly payment of $882.79. This was not the vehicle we were

7 attempting to purchase but merely a purchase agreement we believed was needed to obtain

8 permission to finance any vehicle.

9        11.    On May 3, 2018, a Motion to Incur debt was filed by our former counsel. The Motion

10 stated the purchase price of the vehicle was $80,810.88 instead of the actual purchase price of the

11 vehicle on the contract which was $49,845.00. As stated above, this was not the vehicle that we

12 were actually seeking to purchase.

13        12.    Our former attorney subsequently lodged an order which was incorrectly captioned

14 as an order granting a motion to modify or suspend plan payments. The Order was inadvertently

15 signed by the Court.

16        13.    We did not believe that this Order allowed us to purchase a vehicle and we never did

17 purchase any vehicle.

18        14.    On June 22, 2018, the Court entered an Order setting the Motion to Incur Debt for

19 hearing and further ordered:

20            "[t]he debtor is directed to explain at the hearing (1) whether the debtor can afford

21            to make the vehicle payments without modifying the chapter 13 plan, (2) if the debtor

22            cannot afford to make the vehicle payments, whether a motion to modify the plan

23            will be filed, (3) if the debtor can afford the payments, how it is that the debtor has

24            that much disposable income, and (4) why it is appropriate for a debtor in bankruptcy

25            to purchase a vehicle for over $80,000.00."

26        15.    On June 28, 2018, our former counsel failed to appear at the hearing to address the

27 concerns of the Court.

28        16.    On June 28, 2018, as a result of our former counsel's failure to appear, the Court

issued an Order to Show Cause Why the Court Should Not Sanction Debtors and Their Attorney for Non-Appearance, set the Order to Show Cause for hearing on August 2, 2018 and set the deadline to file a written response for July 12, 2018.

17.    On June 28, 2018, the Court issued an order setting a deadline for us to file a declaration regarding the status of the vehicle purchase.

18.    On July 5, 2018, I received an email from Dennis Peters explaining the issues raised by the Court and informing me that they were "planning to file a declaration" in response to the questions raised by the Court and requested clarification.  Attached hereto, marked Exhibit B, is a true and correct copy of the email.

19.    On July 6, 2018, I responded to the email with the explanation the Court requested.  However, we never received any draft of a declaration based on the information provided and I am now aware that no declaration was ever prepared or filed with the Court.  Attached hereto, marked Exhibit C, is a true and correct copy of my responsive email.

20.    We were aware of this hearing and my husband requested time off of work so that he could appear at the hearing.

21.    On August 1, 2018, I received an email from my former attorney's office informing me that our hearing had been continued to August 17, 2017.  At the time I received the email, I did not notice the mistake in the year 2017 rather than 2018 but interpreted this email as instructions to not appear on August 2, 2018 and to appear on August 17, 2018 instead.  I understand now that the email I received on August 1, 2018 was sent in error by my former attorney's office.  The email included an old email which referenced an old hearing which happened to be in August.  I read the email and believed it was referencing the continuance of the hearing scheduled for the following day.  Attached hereto, marked  as Exhibit D, is a true and correct copy of the email.

22.    I immediately contacted my husband to let him know that he did not need to take the time off due to the continuance of the hearing.

23.    On August 2, 2018, I received a call from our attorney's office at approximately 8:40 a.m. asking why the we were not in Court.

24.    I explained that I was told that the hearing was continued and that we did not need

1 | to appear.

2 | 25.    I told him that I was at my residence in Lancaster and my husband was at work in

3 | Long Beach and that we could be in Court for in about an hour and forty five minutes. He responded

4 | that the attorney had to leave Court no later than 9:00 a.m. for another hearing in Riverside and was

5 | not able to wait but that he would request a continuance from the Court.

6 | 26.    Shortly after the morning phone call, Dennis Peters responded by email that the

7 | August 1, 2018 email regarding a continued hearing was sent in error and was an old email from

8 | 2017. Attached hereto, marked Exhibit E, is the email stating that the earlier email was sent in

9 | mistake.

10 | 26.    As a result of our non-appearance, the Court dismissed the case with a 180 day

11 | restriction against re-filing another case.

12 | 27.    We received a Notice of Trustee's Sale stating that our residence is schedule for

13 | foreclosure on December 6, 2018. Attached hereto, marked Exhibit F, is a true a correct copy of the

14 | Notice of Trustee's Sale.

15 | I declare under penalty of perjury according to the laws of the United States of America that

16 | the foregoing is true and correct and that this Declaration is executed on this ___ day of November,

17 | 2018 at Los Angeles, California.

18 |

19 | Regina Delorse Hill
   | Debtor

20 |

- 11 -

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>Michael Dermont Hill and Regina Delorse Hill,<br><br><br><br><br><br><br>                              Debtor(s). | Case No: 2:14-bk-25039-NB<br><br>Chapter: 13<br><br>**ORDER DISMISSING CASE WITH 180-DAY BAR PURSUANT TO 11 U.S.C. § 109(g)(1)**<br><br>Hearing:<br>Date:  August 2, 2018<br>Time:  8:30 a.m.<br>Place: Courtroom 1545<br>           255 E. Temple Street<br>           Los Angeles, CA 90012 |

At the date, time and place set forth above, this Court held a hearing on its Order to show cause why this Court should not sanction the debtors and their attorney for non-appearance at the June 28, 2018 hearing (dkt. 103) (the "OSC").  The OSC was served on both debtors and directed them to appear.  Dkt. 106.  This Court's tentative ruling posted prior to the hearing (and available at www.cacb.uscourts.gov) was to dismiss this case, with a bar against being a debtor for a period of 180 days, (a) for willful failure of the debtors to abide by this Court's Prior Order (dkt. 100) to address this Court's concerns regarding a motion to incur debt for a vehicle (dkt. 96) and alternatively (b) for willful failure of the debtors to appear in proper prosecution of this case.  The individual debtors failed to make an appearance, in violation of the OSC, and failed to file any declarations as required by the

Order (dkt. 105) continuing the hearing on the debtors' motion to incur debt.  Counsel for the debtors appeared at the above-captioned hearing and stated on that record that the debtors may have misunderstood this Court's order, but this Court was not persuaded that there was any ambiguity in those orders.  For the foregoing reasons, and with good cause appearing, it is hereby ORDERED that

1) This bankruptcy case is DISMISSED.

2) The debtors are barred from being debtors in any bankruptcy case for a period of 180 days, for (a) willful failure to abide by orders of this Court and alternatively (b) for willful failure to appear in proper prosecution of this case, all as described above.  *See* 11 U.S.C. § 109(g)(1).

3) Any discharge entered in this case is vacated.  This Court retains jurisdiction to the extent provided by LBR 1017-2(f).

4) All relief from stay motions that seek annulment or *in rem* relief are not moot.  All other pending motions and adversary proceedings in this case are typically moot and are deemed dismissed, unless an objection is filed within 28 days after the entry of this order and self-calendared for hearing.

###

Date: August 6, 2018

Neil W. Bason
United States Bankruptcy Judge

**EXHIBIT B**

From: Dennis Peters <dennis.peters@theattorneygroup.com>
Date: 7/5/18 11:04 AM (GMT-08:00)
To: Regina Hill <papabbqgina@gmail.com>
Subject: Re: Motion to Incur Debt

Hello Ms. Hill,

The motion has not been granted yet, the court had actually set a hearing date for June 28, 2018 but we missed the hearing date and the judge continued it once again to August 2, 2018. You should have received the notice already.

The main concern for the court is that the debt you are trying to incur for the vehicle is for a debt of over $80,000.00. The court wants to know if you can afford the payments and whether we need to modify your plan based on this new payment and whether is appropriate for the court to approve a purchase of a vehicle with a $80k loan.

You will need to appear at the 8/2/2018 at 8:30 am hearing to explain this to the Court but in advance of the hearing we are also planning to file a declaration, as such, please let us know why a vehicle with a high loan amount is appropriate.

Thank you.

--
Dennis Peters
Attorney Group
Sr. Bankruptcy Paralegal
3435 Wilshire Blvd #1111
Los Angeles, CA 90010
Direct - 213-388-3887 EXT386
Fax - 877-799-8453

If you ever need help on Workers Comp, Traffic Tickets, DUI, Criminal Law,
Expungement Law, Family Law, and Bankruptcy, please do not hesitate to
contact me for more info.  Thank you

Should you wish to speak to the management or have a complaint/concern,
please email management@theattorneygroup.com and we will contact you
immediately.


*** CONFIDENTIALITY NOTICE: The information in this email is covered by the
Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally
privileged. It contains information sent by Dennis Peters and is confidential
and is intended solely for the addressee. The information contained herein
may be privileged, confidential, and exempt from disclosure under applicable
law. Access to this email by anyone else is unauthorized. If you are not the
intended recipient, any disclosure, copying, distribution, dissemination, or
any other improper action taken, or omitted to be taken in reliance on it, is
strictly prohibited. If this transmission is received in error, please notify
Dennis Peters immediately at (213)388-3887 and please delete the email from
your computer.

**EXHIBIT C**

On 7/6/2018 9:39 AM, papabbqgina wrote:
Good morning Dennis- Hope you had a good holiday.

We will most definitely need to submit a declaration to the court to let the Trustee know we did not understand the task that was put before us. There was definitely some confusion or miscommunication. There is absolutely no way Mike and I can afford an $80,000 vehicle. You asked us to go to a dealership in obtain a purchase order to submit to the court for approval as both our vehicles are broken down, which we did. At no point in time did we ever plan to purchase this vehicle. We thought you wanted a purchase order on any vehicle to replace 1st of all Mike's truck. We did not understand that you wanted us to get a purchase order for the exact vehicle we want to purchase. If that were the case, that vehicle is not going to be available when we return to purchase, if this process takes approximately 60 days. Is what you're asking us to do, obtain a purchase order for a vehicle similar to what we want to purchase? I think that was definitely the miscommunication.

If you could please clarify and let us know.

Thank you,
Regina Hill

**EXHIBIT D**

From: Dennis Peters <dennis.peters@theattorneygroup.com>
Date: 8/1/18 3:07 PM (GMT-08:00)
To: Regina Hill <papabbqgina@gmail.com>
Subject: Fwd: Continued Hearing on Trustee's Motion to Dismiss Case


Ms. Hill,

This was my last communication from July 6, 2018 but I don't believe I got a reply from
you.

Thanks



-------- Forwarded Message --------
**Subject:**Continued Hearing on Trustee's Motion to Dismiss Case
   **Date:**Thu, 6 Jul 2017 11:36:46 -0700
  **From:**Dennis Peters <dennis.peters@theattorneygroup.com>
    **To:**papabbqmike@gmail.com, papabbqgina@gmail.com



```
Mr. & Ms. Hill,

The hearing on the trustee's motion to dismiss was continued to August
17, 2017 at 11am for the following reasons:

1) Debtors to be current on all plan payments by hearing date
2) Provide a thorough declaration explaining income (trustee was
confused as to how you were able to make plan payments while your
husband was unemployed)

Also, I believe you mentioned that your vehicle was not paid off yet,
keep in mind that the trustee increased your plan payment based on your
vehicle being paid off, as such, please provide the contract or any
document showing what the pay-off date is for the vehicle.

Thank you.

--
Dennis Peters
Attorney Group
Sr. Bankruptcy Paralegal
3435 Wilshire Blvd #1111
Los Angeles, CA 90010
Direct - 213-388-3887 EXT386
Fax - 877-799-8453

If you ever need help on Traffic Tickets, DUI, Criminal Law, Expungement Law,
Family Law, and Bankruptcy, please do not hesitate to contact me for more
info.  Thank you
```

Should you wish to speak to the management or have a complaint/concern, please email management@thegenesislaw.com and we will contact you immediately.

*** CONFIDENTIALITY NOTICE: The information in this email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. It contains information sent by Dennis Peters and is confidential and is intended solely for the addressee. The information contained herein may be privileged, confidential, and exempt from disclosure under applicable law. Access to this email by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution, dissemination, or any other improper action taken, or omitted to be taken in reliance on it, is strictly prohibited. If this transmission is received in error, please notify Dennis Peters immediately at (213)388-3887 and please delete the email from your computer.

**EXHIBIT E**

From: Dennis Peters <dennis.peters@theattorneygroup.com>
Date: 8/2/18 9:29 AM (GMT-08:00)
To: Regina Hill <papabbqgina@gmail.com>
Subject: Re: Fwd: Continued Hearing on Trustee's Motion to Dismiss Case


Ms Hill,

This was actually from an email on July 2017 that I forward instead of my last one in
July 2018, so I think that's where the confusion was as well. The email from July that I
sent you references the vehicle info. I told the attorney there was a confusion and he
will try to get a continuance.

Thank you.

--
Dennis Peters
Attorney Group
Sr. Bankruptcy Paralegal
3435 Wilshire Blvd #1111
Los Angeles, CA 90010
Direct - 213-388-3887 EXT386
Fax - 877-799-8453

If you ever need help on Workers Comp, Traffic Tickets, DUI, Criminal Law,
Expungement Law, Family Law, and Bankruptcy, please do not hesitate to
contact me for more info.  Thank you

Should you wish to speak to the management or have a complaint/concern,
please email management@theattorneygroup.com and we will contact you
immediately.

*** CONFIDENTIALITY NOTICE: The information in this email is covered by the
Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally
privileged. It contains information sent by Dennis Peters and is confidential
and is intended solely for the addressee. The information contained herein
may be privileged, confidential, and exempt from disclosure under applicable
law. Access to this email by anyone else is unauthorized. If you are not the
intended recipient, any disclosure, copying, distribution, dissemination, or
any other improper action taken, or omitted to be taken in reliance on it, is
strictly prohibited. If this transmission is received in error, please notify
Dennis Peters immediately at (213)388-3887 and please delete the email from
your computer.

**EXHIBIT F**



**This page is part of your document - DO NOT DISCARD**



# 20181104136



**Pages:**
**0003**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**10/31/18 AT 08:00AM**

| | |
|---|---|
| FEES: | 30.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 105.00 |



**L E A D S H E E T**

201810310300004

00015900876

009437432

**SEQ:**
**12**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

E040314

R38

2



**STEWART TITLE**

RECORDING REQUESTED BY
And When Recorded Mail To:

10/31/2018

*20181104136*

**CLEAR RECON CORP.**
**4375 Jutland Drive**
**San Diego, California 92117**
**Phone: 866-931-0036**
10-6.052105.13
T.S. No. 016607-CA
APN: **3204-078-001**

Space Above This Line For Recorder's Use

# NOTICE OF TRUSTEE'S SALE

### Pursuant to CA Civil Code 2923.3
**NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED**
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

### IMPORTANT NOTICE TO PROPERTY OWNER:

YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED **8/17/2006**. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER

On **12/6/2018** at **9:00 AM**, **CLEAR RECON CORP.**, as duly appointed trustee under and pursuant to Deed of Trust recorded **8/28/2006, as Instrument No. 06 1906898,** , of Official Records in the office of the County Recorder of **Los Angeles** County, State of **CALIFORNIA** executed by:

### REGINA D HILL A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK DRAWN ON A STATE OR NATIONAL BANK, A CHECK DRAWN BY A STATE OR FEDERAL CREDIT UNION, OR A CHECK DRAWN BY A STATE OR FEDERAL SAVINGS AND LOAN ASSOCIATION, SAVINGS ASSOCIATION, OR SAVINGS BANK SPECIFIED IN SECTION 5102 OF THE FINANCIAL CODE AND AUTHORIZED TO DO BUSINESS IN THIS STATE:

### VINEYARD BALLROOM, DOUBLETREE HOTEL LOS ANGELES - NORWALK, 13111 SYCAMORE DRIVE, NORWALK, CA 90650

all right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County and State described as:

### MORE FULLY DESCRIBED ON SAID DEED OF TRUST

The street address and other common designation, if any, of the real property described above is purported to be:
**42859 59TH STREET WEST**
**LANCASTER, CA 93536**

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

Said sale will be held, but without covenant or warranty, express or implied, regarding title, possession, condition, or encumbrances, including fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust, to

CRC NOS 090618

T.S. No. **016607-CA**

## NOTICE OF TRUSTEE'S SALE

pay the remaining principal sums of the note(s) secured by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is: **$295,991.79**

**If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.**

The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned or its predecessor caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located.

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call **(800) 280-2832** or visit this Internet Web site **WWW.AUCTION.COM**, using the file number assigned to this case **016607-CA**. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

FOR SALES INFORMATION: **(800) 280-2832**

Date Executed: **10|22|18**

**CLEAR RECON CORP.**

Monica Chavez    ,Authorized Signature

**CLEAR RECON CORP.**
**4375 Jutland Drive**
**San Diego, California 92117**

CRC NOS 090618

| In re: | CHAPTER: **13** |
| **Michael Dermont Hill** | CASE NUMBER: 2:14-BK-25039-NB |
| **Regina Delorse Hill** | |
| Debtor(s). | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**800 West 6th Street., Suite 940**
**Los Angeles, CA 90017**

A true and correct copy of the foregoing document entitled (*specify*):  **NOTICE OF MOTION AND MOTION TO VACATE ORDER OF DISMISSAL ENTERED AUGUST 6, 2018 AND TO REINSTATE THE CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DEBTOR REGINA HILL IN SUPPORT THEREOF**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On   **11/29/2018**   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**TRUSTEE** Kathy A Dockery (TR) EFiling@LATrustee.com
**ATTORNEY FOR CREDITOR** Gary D Fidler gfidlerlaw@gmail.com
**ATTORNEY FOR CREDITOR** Marian Garza ecfnotices@ascensioncapitalgroup.com
**ATTORNEY FOR CREDITOR** Michelle R Ghidotti ECFNotifications@ghidottilaw.com
**ATTORNEY FOR CREDITOR** Merdaud Jafarnia bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
**FORMER ATTORNEY FOR DEBTORS** Daniel King dking@theattorneygroup.com, r44432@notify.bestcase.com
**ATTORNEY FOR CREDITOR** Andrew Kussmaul Andrew.Kussmaul@Bonialpc.com
**ATTORNEY FOR CREDITOR** Natalie E Lea Natalie.Lea@Bonialpc.com
**ATTORNEY FOR CREDITOR** Edward G Schloss egs2@ix.netcom.com
**ATTORNEY FOR CREDITOR** Timothy J Silverman tsilverman@scheerlawgroup.com
**ATTORNEY FOR CREDITOR** Ramesh Singh claims@recoverycorp.com
**U.S. TRUSTEE** United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
**ATTORNEY FOR CREDITOR** Gagan G Vaideeswaran ecfcacb@aldridgepite.com, GGV@ecf.inforuptcy.com
**ATTORNEY FOR CREDITOR** Jennifer H Wang jwang@cookseylaw.com, jwang@ecf.courtdrive.com
**ATTORNEY FOR CREDITOR** Kristin A Zilberstein ecfnotifications@ghidottilaw.com
**ATTORNEY FOR DEBTORS** Thomas B. Ure tom@urelawfirm.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On   **11/29/2018**   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/29/2018 | **Yolanda Segura** | /s/ Yolanda Segura |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

BAYVIEW LOAN SERVICING, LLC, servicing agent
c/o EDWARD G. SCHLOSS
3637 Motor Avenue, Suite 220
Los Angeles, CA 90034-4884

Bayview Loan Servicing LLC
4425 Ponce De Leon Blvd. 5th Floor
Coral Gables, FL 33146-1837

Exeter Finance Corp.
c/o Ascension Capital Group
P.O. Box 201347
Arlington, TX 76006-1347

Recovery Management Systems Corporation
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605

SRP 2012-4, LLC, its assignees and/or succes
c/o McCarthy & Holthus, LLP
1770 Fourth Avenue
San Diego, CA 92101-2607

Advanced Endoscopy and Pain Center
PO Box 116537
Atlanta, GA 30368-6537

Bank of America
Attn: Correspondence Unit/CA6-919-02-41
Po Box 5170
Simi Valley, CA 93062-5170

Bayview Loan Servicing, LLC
4425 Ponce De Leon Blvd. 5th Floor
Coral Gables, Florida 33146-1837

Beverly Radiology
P.O. Box 101418
Pasadena, CA 91189-0025

Capital 1 Bank
Attn: Bankruptcy Dept.
Po Box 30285
Salt Lake City, UT 84130-0285

Commercial Properties
3251 W. 6th Street #109
Los Angeles, CA 90020-5018

Commercial Properties LLC
c/o Aspen Management Attn Janice Loman
18321 Ventura Blvd Ste 200
Tarzana CA 91356-4252

Eddie Haung
20715 South Avalon Blvd Suite 225
Carson, CA 90746-3323

Equiant Financial Svcs
Attn: Bankruptcy Dept
5401 N Pima Rd
Scottsdale, AZ 85250-2627

Exeter Finance Corp
222 Las Colinas Blvd W
Irving, TX 75039-5421

Exeter Finance Corp.
P.O. Box 204480
Dallas, TX 75320-4480

Fed Loan Serv
Po Box 69184
Harrisburg, PA 17106-9184

Gary D. Fidler & Chaplan LLP
2719 Wilshire Blvd 2nd Floor
Santa Monica, CA 90403-4835

Healthcare Recovery Solutions
1515 190th Street
Suite 350
Gardena, CA 90248-4910

LVNV Funding, LLC its successors and assigns
assignee of Washington Mutual Bank, NA
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Lancaster Triangle LLC
2719 Wilshire Blvd 2nd Floor
Santa Monica, CA 90403-4835

Los Angeles County Sheriff
One Regent Street
Inglewood, CA 90301-6055

Northland Group
P.O. Box 390846
Mail Code SHT34
Minneapolis, MN 55439-0846

Quantum3 Group LLC as agent for
Galaxy International Purchasing LLC
PO Box 788
Kirkland, WA 98083-0788

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

SRP 2012-4 LLC
c/o SN Servicing Corp.
323 5th Street
Eureka, CA 95501-0305

SRP 2012-4, LLC
c/o Seneca Mortgage Servicing LLC
611 Jamison Road
Elma, NY 14059-9392

Seneca Mortgage Servicin
3374 Walden Avneue
Suite 120
Depew, NY 14043-2437

THE BANK OF NEW YORK MELLON
Pite Duncan, LLP
4375 Jutland Drive, Suite 200,
P.O. Box 17933
San Diego, CA 92177-7921

U. S. Department of Education
FedLoan Servicing
P. O. Box 69184
Harrisburg, PA   17106-9184

USC Medical Center
File 749303
Los Angeles, CA 90074-0001

Wells Fargo Bank, N.A.
P.O. Box 19657
Irvine, CA 92623-9657

Wfs Financial/Wachovia Dealer Srvs
Po Box 3569
Rancho Cucamonga, CA 91729-3569

Daniel King
The Attorney Group
3435 Wilshire Blvd Ste 1111
Los Angeles, CA 90010-2294

Michael Dermont Hill
42859 59th Street West
Lancaster, CA 93536-5616

Regina Delorse Hill
42859 59th Street West
Lancaster, CA 93536-5616

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Portfolio Recovery
Attn: Bankruptcy
Po Box 41067
Norfolk, VA 23541

(d)Portfolio Recovery Associates, LLC
c/o Capital One/Hsbc
POB 41067
Norfolk VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)BAYVIEW LOAN SERVICING, LLC, servicing age
c/o EDWARD G. SCHLOSS
3637 Motor Avenue, Suite 220
Los Angeles, CA 90034-4884

(u)Courtesy NEF

(u)Lancaster Triangle, LLC

(u)SRP 2012-4 LLC

(u)The Bank of New York Mellon fka The Bank o

(u)Wells Fargo Dealer Services Inc.

End of Label Matrix
Mailable recipients    40
Bypassed recipients     6
Total                  46